# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW L. WEEDEN** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-18-BAJ-EWD** |
| **PSC INDUSTRIAL OUTSOURCING,** | |
| **LP, AND JOHN DOE** | |

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 6, 2019.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MATTHEW L. WEEDEN**  **CIVIL ACTION NO.**

**VERSUS**  **19-18-BAJ-EWD**

**PSC INDUSTRIAL OUTSOURCING,
LP, AND JOHN DOE**

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand ("Motion")[1] filed by Plaintiff Matthew L. Weeden ("Plaintiff"). The Motion is opposed by Defendant PSC Industrial Outsourcing, LP ("PSC"). For the reasons set forth herein, the undersigned recommends[2] that the Motion be denied without prejudice and that the parties be permitted to engage in 60 days of limited jurisdictional discovery related to whether the amount in controversy is met.

**I.    Facts and Procedural Background**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff on December 18, 2017 while in the course of his employment at ExxonMobil Baton Rouge Refinery in East Baton Rouge Parish when Plaintiff slipped into "hot condensate" that was not covered due to an improperly-placed floor grate (the "Accident"). As a result of the Accident, Plaintiff filed a Petition for Damages ("Petition") against PSC and John Doe, the unknown PSC employee who allegedly improperly placed the grate, on or about December 6, 2018 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. On January 10, 2019,

---

[1] R. Doc. 5.
[2] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

PSC removed the matter to this Court, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

Regarding the citizenship of the parties, the Notice of Removal alleges that Plaintiff is a citizen and domiciliary of Louisiana.[4] The Notice of Removal further alleges that PSC is a limited partnership, whose citizenship is determined by the citizenship of each of its two partners:[5] general partner PSC Industrial, Inc., and limited partner PSC Industrial Holdings Corp., each of which is incorporated in Delaware with a principal place of business in Texas.[6] Accordingly, the Notice of Removal establishes that the parties are diverse, as the citizenship of the fictitious defendant "John Doe" is disregarded pursuant to 28 U.S.C. §1441(b)(1).[7]

The Notice of Removal states the following to establish the amount in controversy:

> Plaintiff's Petition contains an assertion that he suffered a significant burn to his foot and leg resulting in, *inter alia*, medical expenses, "severe pain and suffering[,]" "permanent damage[,]" and "physical and mental personal injuries[.]" Petition, pp.2-3. As such PSC shows that it is "facially apparent" from the Petition that the "claim likely exceeds $75,000" exclusive of interest and costs [citation omitted] Further, Plaintiff has alleged (and this paragraph repeats) facts "that support a finding of the jurisdictional minimum." [citation omitted] Consequently, the Petition satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).[8]

Plaintiff's Petition contains the following information relevant to the amount in controversy:

Plaintiff alleges that "shifting or rotation" of a "grating caused Plaintiff's leg to slip into the hot condensate that was under the grating. This caused severe pain and suffering and permanent damage to Plaintiff's leg. Plaintiff was transported to the hospital a [sic] result of this

---

[3] R. Doc. 1, ¶ 8 and introductory paragraph.
[4] R. Doc. 1, ¶ 2 *and see* Petition at R. Doc. 1-2, p. 1, introductory paragraph.
[5] R. Doc. 1, ¶ 3a (citations omitted).
[6] *Id.*
[7] R. Doc. 1, ¶ 3b.
[8] R. Doc. 1, ¶ 5.

incident and received further medical treatment related to the incident after this day."[9] Plaintiff also alleges that Defendants' negligence "caused severe physical and mental personal injuries" to Plaintiff, "including permanent scarring."[10] In connection with these injuries, Plaintiff seeks the following categories of damages: past and future loss of earnings; past and future hospital, medical and drug expenses; past and future physical therapy and other medical expenses; physical and mental pain and suffering, as well as loss of enjoyment of life, permanent scarring, other damages, and legal interest and costs.[11]

Other than Plaintiff's general allegations of "severe pain and suffering and permanent damage" and "permanent scarring" to his leg, Plaintiff did not provide any information regarding the nature or extent of the injuries Plaintiff allegedly sustained as a result of the Accident. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[12]

As neither the Petition nor the Notice of Removal established that the requisite amount in controversy was met, on January 14, 2019, the undersigned *sua sponte* ordered PSC to file a memorandum and supporting evidence regarding amount in controversy.[13] On January 24, 2019, PSC filed its Memorandum in Support of Removal ("SMJ Memorandum") addressing the amount in controversy in compliance with the Court's January 14, 2019 Order.[14] On February 4, 2019,

---

[9] R. Doc. 1-2, p. 2, ¶ VI.
[10] R. Doc. 1-2, p. 3, ¶ X.
[11] R. Doc. 1-2, p. 4, ¶ XII and prayer for damages.
[12] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[13] R. Doc. 2.
[14] R. Doc. 4.

3

Plaintiff responded with the instant Motion, seeking remand of this matter to state court,[15] which PSC opposes.[16]

**II.    Law and Analysis**

    **A.  Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[17]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[18]  Remand is proper if at any time the court lacks subject matter jurisdiction.[19]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[20]

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[21]  If, however, the "[s]tate practice ... does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."[22]  In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions.[23]

---

[15] R. Doc. 5.
[16] R. Doc. 7.
[17] 28 U.S.C. § 1441(a).
[18] 28 U.S.C. § 1332(a)(1).
[19] *See* 28 U.S.C. § 1447(c).
[20] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[21] 28 U.S.C. § 1446(c)(2).
[22] 28 U.S.C. § 1446(c)(2)(A)(ii)–(B).
[23] La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied.[24] The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum.[25] If the defendant can produce evidence sufficient to show by a preponderance, *i.e.*, summary judgment-type evidence, that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.[26] The jurisdictional facts that support removal must be judged at the time of removal.[27]

Since it is undisputed that the parties are of diverse citizenship,[28] the only issue with regard to the Court's exercise of subject matter jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

### B. It Is Not Facially Apparent From the Petition That the Amount in Controversy Is Met

The undersigned previously determined that it was not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000, which was the reason for the January 14, 2019 *sua sponte* order.[29] In particular, Plaintiff's Petition only asserts boilerplate damages and

---

[24] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[25] *Id., and see Richard v. Georgia Gulf Lake Charles, LLC,* No. 07-0050, 2007 WL 2319804, *7 (W.D. La. Aug. 10, 2007), *citing De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).
[26] *See, e.g., Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002) and *De Aguilar*, 47 F.3d at 1412.
[27] *Kimble v. America First Ins. Co.*, No. 14-67, 2014 WL 1761556, at *2 (M.D. La. Apr. 28, 2014), *citing Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) and *Womack v. National Union Fire Insurance Company,* No. 16-13127, 2016 WL 4728096, at *1 (E.D. La. Sept. 12, 2016).
[28] The citizenship of the unidentified, fictitious defendant "John Doe" is disregarded. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")
[29] R. Doc. 2, pp. 3-4. ("The foregoing allegations in the Petition and Notice of Removal do not provide enough information to determine if Plaintiff's claims will exceed $75,000 exclusive of interest and costs. Plaintiff's general allegations of "severe pain and suffering," "permanent scarring," etc. and general categories of damages, *e.g.*, "medical

provides a limited description of Plaintiff's injuries,[30] which fail to establish that Plaintiff's damages in this case will likely exceed $75,000, exclusive of interest and costs.[31] PSC argues that "reading [Plaintiff's] well-pled allegations together, Weeden asserts that he suffered a severe burn necessitating more than a year of medical treatment (including physical therapy) and lost wages through the date of filing and into the future," and "[Plaintiff] remains in pain,"[32] such that this Court can make a "common sense inference" that this suit involves a claim for more than $75,000.[33] However, PSC's argument fails on two grounds. First, the Petition does not assert that Plaintiff suffered a "severe burn"[34] "necessitating more than a year of medical treatment" and for which Plaintiff "remains in pain." At most, Plaintiff alleges that he was transported to the hospital the day of the Accident and received medical treatment related to the Accident after that day (though not necessarily for an entire year),[35] and Plaintiff only generally seeks past and future lost wages and medical expenses over some unspecified time,[36] which are boilerplate categories of damages that are not sufficient to establish the amount in controversy.[37]

Second, PSC has not offered any record evidence to support a "common sense inference" that the amount in controversy is met. PSC's lack of evidence renders PSC's authority, *Robertson*

---

expenses," are insufficient…It is thus unclear from the face of the Petition and the Notice of Removal whether the amount in controversy requirement is met.").

[30] A plaintiff's general allegations of "serious injuries" and general categories of damages are insufficient. *See Davis*, 2012 WL 278728 at *3, and cases cited therein.

[31] *See Saxon v. Thomas,* No. 06-2339, 2007 WL 1115239, at *3 (W.D. La. Apr. 12, 2007) ("If the scant facts set forth in this petition, combined with a prayer for certain categories of damages (prayed for in almost every personal injury case of any magnitude) were deemed adequate to allow federal diversity jurisdiction, there would be very few slip and fall, car accident or other personal injury cases that would not meet the amount in controversy requirement. Congress's imposition of a $75,000 threshold for removal of such cases would be eviscerated. *See Guillory v. Chevron Stations, Inc.,* 2004 WL 1661201 (E.D. La. 2004)(distinguishing *Gebbia* and remanding knee injury case despite claims for several categories of damages).").

[32] R. Doc. 4, pp. 3-4 and R. Doc. 7, pp. 6-8.

[33] R. Doc. 4, pp. 3-4*,* and R. Doc. 6, p. 6, *citing Robertson v. Exxon Mobil Corp.,* 814 F.3d 236, 240 (5th Cir. 2015).

[34] *Cf.* the Petition's allegations of "severe pain," and "severe physical and mental personal injuries." R. Doc. 1-2, p. 3, ¶ VI and p. 4, ¶ X. While the Petition does not allege a "burn," Plaintiff's Memorandum clarifies that Plaintiff does allege that his foot/leg was burned. R. Doc. 5-2, p. 1.

[35] R. Doc. 1-2, ¶ VI.

[36] *See* R. Doc. 1-2, ¶ XII.

[37] *See Davis,* 2012 WL 278728 at *3, and cases cited therein.

6

*v. Exxon Mobil Corp.,*[38] factually distinguishable. While the *Robertson* court noted that the removing parties' burden of proving the amount in controversy "does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim," the *Robertson* court did not find that the amount in controversy was facially apparent from the plaintiff's petition. Rather, the *Robertson* court found that the removing defendants satisfied their burden of establishing the amount in controversy based on the introduction *of summary judgment type evidence*, *i.e.*, the plaintiff's interrogatory responses, which included a chart that detailed each plaintiff's claimed damages. The court held that "common sense dictates" that the ailments alleged in the chart, *e.g.,* wrongful death of a spouse from lung cancer and prostate cancer, among other ailments, "place more than $75,000 at stake."[39] Thus, *Robertson* does not stand for the proposition that the amount in controversy is facially apparent from Plaintiff's Petition.[40]

---

[38] 814 F.3d 236, 240 (5th Cir. 2015).

[39] 814 F.3d at 240-41.

[40] PSC's state court authority is likewise distinguishable because, in each of Plaintiff's state court cases, there was evidence before the court supporting the damage awards based on the injuries alleged. *See Precht v. Case Corp.,* 1999-1296 (La.App. 3 Cir. 2/16/00), 756 So.2d 488, 505, *writ denied,* 2000-0791 (La. 5/5/00), 761 So.2d 546 (Increasing award to father of general damages of $50,000.00 and special damages of $9,427.98, and increasing award to minor daughter general of damages of $125,000, following a jury trial for second degree burns they received when the cab of the tractor they were riding in became engulfed in flames. The *Precht* plaintiffs presented evidence that they endured painful "scrubbing" procedures to remove skin and required continued treatment and therapy for physical impairments and post-traumatic stress and other mental impairments. *See Villa v. Derouen*, 92-61 (La.App. 3 Cir. 02/03/93), 614 So.2d 714, 719 (Awarding $114,307 in special damages and $60,000 in general damages where the plaintiff sustained burns to several areas of the body after his co-worker intentionally aimed a welding torch in between his legs. The plaintiff had an eight-day hospital stay, mental impairments of anxiety disorder, depression, and post-traumatic stress disorder, and $14,300 in medical expenses paid by the worker's compensation insurer. Notably, at the time of the trial, the *Villa* plaintiff had missed at least four years of work and experts testified that he would need to attend rehabilitation counseling and treatment prior to returning to work, effectively amounting to $100,007 in lost wages.) *See also Edwards v. Pelican State Mut. Ins. Co.,* 95-253 (La.App. 3 Cir. 5/31/95), 657 So.2d 440, 442 (Increasing general damage award to $50,000 for minor child who ingested chemical cleaner at the home of a third party that resulted in grade 1 burns to the esophagus and a grade 2 burn to the wall of the upper stomach with a seven day hospital stay). While PSC attempts to argue that Plaintiff's injuries herein are "more severe" than those of the *Precht, Villa, and Edwards* plaintiffs*, see* R. Doc. 4, p. 5 and R. Doc. 7, pp. 7-8, there has been no specific information presented regarding Plaintiff's injuries. Therefore, the severity of Plaintiff's injuries cannot be compared to the injuries of the plaintiffs in the cases on which PSC relies, which were decided after evidence presented at a trial.

Despite PSC's argument to the contrary, Plaintiff's general allegations of damages and nonspecific descriptions of injuries are exactly the type of "vague" allegations of injuries and damages that do not satisfy the facially apparent test, which leaves only the question of whether PSC has established by a preponderance of the evidence that the amount in controversy is met.

### C. PSC Has Not Met Its Burden of Establishing by a Preponderance that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

PSC's only additional evidence submitted regarding the amount in controversy is a proposed stipulation and affidavit PSC sent to Plaintiff,[41] wherein Plaintiff could stipulate and attest that his claims are below the jurisdictional threshold.[42] Plaintiff refused to execute the proposed affidavit and stipulation.[43] As previously stated by this Court, a refusal to stipulate is only one factor to consider:

> Plaintiff did not have a legal obligation to sign such a stipulation "and, therefore, [her] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000." Such a refusal "is but one factor for the court to consider." …. ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate."). The weight to be provided a refusal to stipulate to the amount of damages is questionable. … Given the record in this action, Plaintiff's refusal to stipulate to the amount of damages, while given some weight, is not a significant factor in determining the amount of controversy in light of the facts in this action.[44]

Here, there is no information as to why Plaintiff would not execute the stipulation. While Plaintiff's refusal to execute a stipulation is to be accorded some weight, as in *Tucker*, it is not sufficient in this case to establish that the amount in controversy is met.

---

[41] R. Doc. 4, pp. 6-7; R. Doc. 7, pp. 9-10; R. Doc. 4-1. While PSC challenges Plaintiff's Claim Summary because it is not authenticated, *see* the discussion below, PSC's proposed affidavit and stipulation, and correspondence transmitting same, are similarly unauthenticated.
[42] R. Doc. 4, pp. 1, 6-7; R. Doc. 7, pp. 9-10.
[43] R. Doc. 4-2. Plaintiff avers that he is not required to stipulate as to any amount of damages to pursue his claims under Louisiana law, and he declines to sign documents "that can only serve to limit his recovery while conferring no advantage whatsoever to him." R. Doc. 5-2, pp. 4-5.
[44] *Tucker v. Cincinnati Ins. Co.*, No. 17-414-SDD-RLB, 2017 WL 5762436, at *4 (M.D. La. Aug. 24, 2017), *report and recommendation adopted*, No. 17-414-SDD-EWD, 2017 WL 5760881 (M.D. La. Nov. 28, 2017).

8

In this case, there is simply no information in the record that shows by a preponderance of the evidence that Plaintiff's damages, which arose out of Plaintiff's fall through a grate and caused foot and/or leg burns and scarring, will likely exceed $75,000.[45] Remand has been ordered even where the evidence established that the plaintiff's past medical expenses exceeded $50,000 and general damages were claimed because there was no evidence that the plaintiff's damages likely exceeded $75,000 exclusive of interest and costs (*i.e.*, there was no evidence of the plaintiff's future medical expenses, present medical condition, past, present or future lost wages, lost earning capacity, or other damages.).[46]

### D. Jurisdictional Discovery Is Warranted

PSC requests that the Court exercise its discretion and permit the parties to engage in jurisdictional discovery for ninety days, if the Court finds that the amount in controversy question is not clear.[47] As PSC recognizes,[48] PSC has not engaged in any discovery and the only information PSC has introduced to establish that the amount in controversy is met is Plaintiff's refusal to stipulate. Although the plaintiff is usually in a better position to provide defendants with information regarding the amount of his damages and the extent of his injuries, that such information is more readily at Plaintiff's disposal does not absolve a removing party from its

---

[45] The only additional information offered regarding the amount in controversy was proffered by *Plaintiff* in the form of a chart that purports to be a "Claim Summary" of payments made by Plaintiff's employer as a result of the Accident. R. Doc. 5-2, p. 1 *citing* R. Doc. 5-3, pp. 2-3. The Claim Summary reflects past medical expenses of approximately $7,870.74 over a three-month period. PSC counters that the Claim Summary should not be considered summary judgment-type evidence because it is not authenticated, constitutes inadmissible hearsay, and is allegedly "incomplete." R. Doc. 7, pp. 3-6 (case citations omitted). As the Claim Summary is unauthenticated, it should not be considered. Regardless of whether the Claim Summary is considered, PSC had the burden to present summary judgment-type evidence to establish that the amount in controversy is met which PSC failed to do. Since PSC has failed to carry its burden, the burden does not shift to Plaintiff to establish to a legal certainty that the amount in controversy is not met. *See Grant,* 309 F.3d at 869.
[46] *Robertson v. Boyd*, No. 16-1547, 2016 WL 3086164, *3 (E.D. La. June 2, 2016).
[47] R. Doc. 4, p. 7 and R. Doc. 7, pp. 10-11, *citing Russell v. Haghaghi*, No. 17-608, 2017 U.S. Dist. LEXIS 154173, (M.D. La. Sept. 21, 2017) and *Portier v. Square Mile Entergy, LLC*, No. 16-617, 2017 U.S. Dist. LEXIS 221644 (M.D. La. Jan. 11, 2017).
[48] R. Doc. 4, pp. 6-7; R. Doc. 7, p. 10.

9

responsibility of discovering that information prior to removal so it may properly support its assertion that federal subject matter jurisdiction exists. Significantly, the Fifth Circuit has repeatedly stated that "protective" removals are disfavored and has established timing rules that would have allowed Defendants to engage in discovery regarding the amount in controversy prior to removal.[49] Although these timing rules clearly place the onus of starting the thirty-day clock for removal on the plaintiff (at least when that period is to be triggered by the initial pleading), it remains a removing defendant's burden to establish by a preponderance of the evidence that federal subject matter jurisdiction exists at the time of removal.[50] As one court recently noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts before effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'"[51]

---

[49] In *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir. 1992), the Fifth Circuit held that the thirty-day removal period under the first paragraph is triggered only where the initial pleading "*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id.* at 163 (emphasis added) "The *Chapman* court… sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. *Id.* Moreover, the *Chapman* court **wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy.** *Id.*" *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 399 (5th Cir. 2013) (emphasis added). In this case, since the amount in controversy was not clear from Plaintiff's Petition and exhibits associated therewith, or other information obtained from Plaintiff prior to removal, *e.g.*, settlement demands, medical records, etc., PSC could have conducted the discovery it now requests while this matter was pending in state court.
[50] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[51] *Bonvillian v. National Liability & Fire Ins. Co*., No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017) (*quoting Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). *See also, Nordman v. Kansas City Southern Railway Co.*, No. 08-2025, 2009 WL 976493, at *3 (W.D. La. April 9, 2009) ("This court has historically demanded that removing defendants promptly satisfy their burden of establishing by a preponderance of the evidence the requisite amount in controversy. Otherwise, the case is swiftly remanded. The court has also long discouraged premature or protective removals of cases in which the amount in controversy is in doubt because of vague pleadings about 'serious' but unspecified injuries and the like. Those protective removals waste a great deal of time for the parties and the court. To hold that the removal period was triggered in this case by the original petition would be contrary to that policy, encourage wasteful protective removals, and be inconsistent with the rules and policy set forth in *Chapman* and related Fifth Circuit decisions.").

While this is a close call, the undersigned recommends that limited jurisdictional discovery regarding the amount in controversy be permitted in this case. As noted by PSC, the Claim Summary, which was not considered for purposes of analyzing the Motion, states that Plaintiff's past medical damages are only $7,870.74.[52] The face of the Claim Summary does seem to suggest that it was generated on April 24, 2018--many months before Plaintiff filed suit. Additionally, the information in the Claim Summary is potentially inconsistent with the information in the Petition. For example, Plaintiff claims past and future physical therapy and drug expenses in the Petition,[53] but the Claim Summary does not appear to include any amounts for such expenses. The potential inconsistencies between the Claim Summary and the Petition, coupled with Plaintiff's refusal to stipulate that his damages do not exceed $75,000, warrant permitting the parties to engage in limited jurisdictional discovery.[54]

### III. Recommendation

**IT IS RECOMMENDED** that the Motion to Remand[55] filed by Plaintiff Matthew L. Weeden be **DENIED without prejudice** and that the parties be given sixty (60) days to engage in jurisdictional discovery.

**IT IS FURTHER RECOMMENDED** that, if this Report is adopted, by no later than **seventy-five (75) days** from the date of the Order adopting the Report, Defendant, PSC Industrial Outsourcing, LP, shall file either 1) a Motion to Withdraw the Notice of Removal, if the amount

---

[52] R. Doc. 5-3, p. 3.
[53] R. Doc. 1, ¶ XII.
[54] PSC is reminded of the provisions of 28 U.S.C. § 1447(c), which permit an award of just costs and actual expenses, including attorney fees, incurred as a result of removal if a case is remanded. *See, e.g.*, *Jacobs v. Audubon Home Health of Baton Rouge, Inc.,* No. 18-59-BAJ-EWD, 2018 WL 3946555, at *5 (M.D. La. July 12, 2018), *report and recommendation adopted,* No. 18-59-BAJ-EWD, 2018 WL 3945602 (M.D. La. Aug. 15, 2018) (recommending plaintiff's motion to remand be granted and awarding attorney's fees to the plaintiff pursuant to 28 U.S.C. 1447(c) in connection therewith).
[55] R. Doc. 5.

in controversy is not met, or 2) a memorandum, limited to five (5) pages, and any supporting evidence regarding the amount in controversy.

**IT IS FURTHER RECOMMENDED** that, by no later than **fourteen (14) days** after PSC's filing of a memorandum regarding the amount in controversy, Plaintiff shall file either: 1) a Notice with the Court indicating that Plaintiff agrees that PSC has met its burden of establishing subject matter jurisdiction pursuant to 28 U.S.C. § 1332, or 2) a Motion to Remand.

Signed in Baton Rouge, Louisiana, on August 6, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**